Opinion issued June 7, 2007 






 




In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-05-00953-CR

____________


BLAKE SCOTT TAYLOR, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 338th District Court 

Harris County, Texas

Trial Court Cause No. 997975






MEMORANDUM OPINION

 Appellant, Blake Scott Taylor, pleaded guilty to the felony offense of
aggravated robbery, and after a pre-sentence investigation hearing, the trial court
assessed punishment at confinement for 10 years. Appellant filed a pro se notice of
appeal. We affirm.

 Appellant's counsel on appeal has filed a brief stating that the record presents
no reversible error, that the appeal is without merit and is frivolous, and that the
appeal must be dismissed or affirmed. See Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, (1967). The brief meets the requirements of Anders by presenting a
professional evaluation of the record and detailing why there are no arguable grounds
for reversal. Id. at 744, 87 S.Ct. at 1400; see also High v. State, 573 S.W.2d 807, 810
(Tex. Crim. App.1978). 

 Counsel represents that he has served a copy of the brief on appellant. Counsel
also advised appellant of his right to examine the appellate record and file a pro se
brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than
30 days have passed, and appellant has not filed a pro se brief. 

 Having reviewed the record and counsel's brief, we agree that the appeal is
frivolous and without merit and that there is no reversible error. See Bledsoe v. State,
178 S.W.3d 824, 826-27(Tex. Crim. App. 2005). 

 We affirm the judgment of the trial court. (1)

 PER CURIAM


Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).
1. Counsel has a duty to inform appellant of the result of this appeal and also to inform
appellant that he may, on his own, pursue discretionary review in the Texas Court of
Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).